IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4002-17-CR-C-NKL |
| | ) | |
| BRUCE ALLEN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On June 20, 2007, a hearing was held on defendant Johnson's motions to suppress, for bill of particulars and for severance.[1] At the hearing, the parties were ordered to file supplemental information to support their filings on suppression. On July 2, 2007, defendant Johnson filed supplemental suggestions in support of his motion to suppress evidence from his residence, and the Government filed supplemental suggestions in opposition.

### Motion to Suppress

Johnson seeks this court to order suppression of the evidence against him and directing return of the items seized. Specifically, Johnson seeks suppression and return of a handwritten letter, an address book, two spiral notebooks, pictures, Social Security card for Bruce Johnson, Missouri Driver's License of Bruce Johnson, Carpenter's Apprentice Working Card for Bruce Johnson, Membership Card United Brotherhood of Carpenters and Joiners for Bruce Johnson, and a sheet of paper with numbers, letters and names.[2] Johnson claims that (1) the description of the items to be seized identified in the search warrant was overbroad and lacked sufficient particularity, resulting in items being seized from his residence that were not authorized by the probable cause supporting the warrant, and (2) the description of items to be seized identified in

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]The Government stated in its Supplemental Response to Suppression that it does not intend to use the photograph seized from defendant Johnson's residence at trial.

the warrant did not cover the items seized from defendant's residence, and thus seizure of such items was outside the scope of the warrant.

**1) Particularity of Warrant**

The Fourth Amendment prohibits "general warrants" in an effort to prevent exploratory rummaging in a person's belongings by requiring that a "particular description" of the thing to be seized be stated in the warrant. Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971). The constitutional standard for particularity of description in a search warrant is met if the description is sufficiently definite so as to enable the officer with the warrant to reasonably ascertain and identify the place to be searched and the objects to be seized. Steele v. United States, 267 U.S. 498, 503-04 (1925); United States v. Davis, 557 F.2d 1239, 1248 (8th Cir. 1977); United States v. Johnson, 541 F.2d 1311, 1313 (8th Cir. 1976). The adequacy of a warrant description is one of "practical accuracy rather than technical nicety." Johnson, 541 F.2d at 1313. The degree of specificity required is flexible, and may vary depending on the circumstances and the type of items involved. United States v. Davis, 542 F.2d 743, 745 (8th Cir. 1976). Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming generic classes of items is sufficient. Johnson, 541 F.2d at 1314. Identifying items as "records" of a particular crime can provide for a sufficiently particular description of the items to be seized in a search warrant. See United States v. Lucas, 932 F.2d 1210, 1215-16 (8th Cir. 1991) (concluding a search warrant authorizing the seizure of "books, records, receipts, notes, ledgers and other papers relating specifically to the transportation, ordering, purchase and distribution of controlled substances" was sufficiently particular to include the seizure of an answering machine and its cassette tape because "the seizure of records refers to 'generic class of records'"). The underlying measure of adequacy in the description is whether, given the specificity in the warrant, a violation of personal rights is likely. Johnson, 541 F.2d at 1313; United States v. Muckenthaler, 584 F.2d 240, 245 (8th Cir. 1978).

In the instant case, the particularity of the description of the items to be seized from Johnson's residence was based on the affidavit submitted in support of probable cause for the search. The affidavit was submitted by a DEA agent with extensive experience in narcotics investigations. The affidavit reflected that officers were seeking evidence relating to drug trafficking. The affidavit discussed the methods utilized by drug traffickers in conducting their

activities. The affidavit noted that "drug traffickers commonly keep in books or on papers, the names, addresses and telephone numbers of their associates in the illicit trafficking business." These methods identified in the affidavit were incorporated in the search warrant description of the items to be seized. The search warrant, in relevant part, authorized the seizure of evidence related to drug trafficking, including "[a]ny and all address and/or telephone books and records, reflecting names, addresses, and/or telephone numbers, including but not limited to, paper and computer formats."

Given the nature of narcotic investigations (as identified in the affidavit in support of the search warrant), the description of the items to be seized from Johnson's residence was not overbroad. The description of the items to be seized was sufficiently particular to allow officers to recognize and seize the items described from defendant's residence. The warrant provided a sufficiently particular description of the items to be seized from Johnson's residence such that a violation of his personal rights in the execution of the warrant was unlikely. See, e.g., United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001) (drug search warrant which authorized seizure of documents, weapons and personal telephone/address books related to drug activities was sufficiently specific and not overbroad); United States v. Horn, 187 F.3d 781, 788 (8th Cir. 1999) ("words 'records, documents, receipts, keys or other objects showing access to, and control of, the residence' were sufficiently particular," as were words "any and all correspondence, videotapes, published materials, and other objects relating to. . . .").

Johnson's challenge to the seizure of evidence from his residence on grounds that the description of the items to be seized identified in the search warrant was overbroad and lacked sufficient particularity, resulting in items being seized from his residence that were not authorized by the probable cause supporting the warrant, therefore, should be denied.

**2) Scope of the Warrant**

A description of the items to be seized in a search warrant provides for the scope of the items subject to seizure. Johnson argues that the items seized from his residence were not within the scope of the warrant, and therefore, not authorized to be seized.

Search warrant provisions authorizing records related to drug trafficking are generally broadly construed. See United States v. Peters, 92 F.3d 767, 768-70 (8th Cir. 1996) (search warrant covering "records" of drug distribution activities covered cassette tapes). In this case, a

3

review of the description of items to be seized, as set forth by the search warrant, shows that the items seized were sufficiently identified in the warrant as having relevance to the narcotic trafficking investigation. The items seized from Johnson's residence all fall within the categories specified in the warrant and are of such a nature that they may well contain records of drug trafficking.

The handwritten letter seized from Johnson's residence contained the statement, "I rolled you two there on the tray," indicating apparent marijuana use; and the spiral notebooks and address book contained numerous names, addresses and telephone numbers, including names of members of codefendant Rodebaugh's alleged drug organization. These items were clearly consistent with the description of evidence to be seized relating to drug trafficking as identified in the warrant. The documents seized that related to Johnson's identification were also relevant to the crime of drug trafficking, and provide support that Johnson resided at the residence being searched. See United States v. Timley, 443 F.3d 615, 623 (8th Cir. 2006) (recognizing the indicia of occupancy is material to drug cases).

To the extent there was "potentially" relevant evidence seized during the execution of the search warrant, such seizure is not a basis for suppression. When a warrant authorizes seizure of potential voluminous items, it is impractical to require law enforcement officers to review potential evidence while at the scene. See United States v. Horn, 187 F.3d at 788. Further, even if the evidence seized is not extremely voluminous, requiring law enforcement officers to fully determine the specific relevance or criminality of each document or item identified as subject to seizure pursuant to the warrant is impractical.

Officers in this case seized evidence that appeared on its face to be relevant and within the scope of the issued warrant, and later reviewed such items at their offices. It is unrealistic to assume that all evidence seized by law enforcement officers executing a warrant will necessarily be specifically relevant to the case. Id. (suppression denied where only 8 of 300 videotapes seized contained relevant evidence to the investigation).

**Conclusion**

The warrant for the search of defendant Johnson's residence was supported by probable cause and was not overbroad in its identification of items subject to seizure. The warrant was sufficiently particular, and the items seized from Johnson's residence were authorized by the

4

warrant and were within the scope of the search warrant seeking evidence of drug trafficking. Johnson's motion to suppress and for return of property should be denied.

However, in light of the Government's statement that it does not intend to use the photograph seized from Johnson's residence, which depicts Johnson in possession of a firearm, that photograph should be returned to Johnson.

**Motion for Bill of Particulars**

Defendant Johnson seeks for this court to order the Government to provide him with a bill of particulars. Johnson claims that in the three counts charged against him for use of a telephone to facilitate the crimes of distribution and possession with intent to distribute marijuana, there is no allegation of any specific marijuana offense. Johnson alleges that the Government should be required to identify the specific marijuana offense, the location at the offense occurred, the amount of marijuana allegedly possessed, the telephone used, the telephone number called, and participants in the alleged distribution and use of a telephone in furtherance of a drug offense. Johnson alleges that in order to prepare a defense for trial, it is necessary that he be provided with the details of the alleged marijuana offense. Johnson also alleges that a Bill of Particulars is required to permit to plead the defense of former jeopardy should additional charges be filed against him.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to file a bill of particulars in addition to the issuance of an indictment. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir.2002). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir.1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir.1980)). A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and theories. United States v. Wessels, 12 F.3d at 750.

5

The granting or denial of a motion seeking a bill of particulars lies within the broad discretion of the trial court. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993). Further, even when an indictment is determined to be insufficient, the availability of information as to the specific conduct and facts of the charge from other sources, such as hearings and the "open-file" policy of the United States Attorney's Office, eliminates the need for a bill of particulars. See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir.1993) (stating that there was no need for a bill of particulars where, despite a question as to the conduct complained of in the indictment, the defendant learned of the facts alleged by the Government during an evidentiary hearing); United States v. Canino, 949 F.2d 928, 949 (7th Cir.1991) (the nature and operations of the "open-file" policy is an adequate form of information retrieval making a bill of particulars unnecessary).

The indictment here provides the essential elements of the offenses charged and informs Johnson of the charges against which he must defend. The charges track the statutory language of 18 U.S.C. § 843 (b), and delineate the elements of the statute. Each charge also provides the specific date on which it occurred. Thus, because Johnson has raised no special or particular problem in preparing for trial which necessitates more specificity, Johnson's motion should be denied. This court finds that charges against Johnson are legally sufficient to inform him of the charges against which he must defend and to allow him to plead, a conviction, or acquittal as a bar to a subsequent prosecution. Moreover, the Government's grant of liberal access to evidence in this case via discovery has mooted Johnson's motion for bill of particulars.

## Motion to Sever

Johnson seeks severance from codefendants in this case, and a separate trial. Johnson argues that although charged in Counts 37, 44, 49 and 54, he is not involved in the other offenses charged in the indictment. Defendant argues that he has not been indicted in the Count One Conspiracy charge; and that the twenty total defendants in this case with differing charges and corresponding facts make this case complex, thereby necessitating his severance.

Prior to the hearing on Johnson's motion to severe, the Government was ordered to advise the court and defense counsel what evidence it has that defendant Johnson was a coconspirator or that Johnson was handling distribution quantities of the subject controlled substances. In response, the Government filed supplemental suggestions in opposition to Johnson's motion for severance.

*Rule 8(b), Federal Rules of Criminal Procedure*

Rule 8(b), Federal Rules of Criminal Procedure, states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting the offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In the instant case, the Government alleges that although not charged in all counts of the indictment, Johnson is properly joined pursuant to Rule 8(b) because the charges against all of the defendants in the indictment, including him, relate to the same series of acts constituting the offenses for which they have been charged. Specifically, the Government alleges that Johnson was integrally involved in the drug trafficking activities of the primary defendant in this case, Rodebaugh, and thus, was properly joined in the indictment and for purposes of trial. The Government asserts that although Johnson was not indicted in the conspiracy charge, his actions were of such a nature that he could have been indicted. The Government alleges that pursuant to statements of at least two cooperating governmental witnesses, Johnson was a significant marijuana customer of the primary defendant in this case, and that this was confirmed by wiretap surveillance. The Government alleges that according to the DEA, the amounts of marijuana being purchased by Johnson were consistent with distribution quantities of marijuana. Based on Johnson's participation in the distribution of marijuana and involvement with Rodebaugh, the Government alleges that Johnson is an unindicted coconspirator and was properly joined in the indictment.

The fact that Johnson is not charged in all counts of the indictment, including the conspiracy, does not preclude him from being properly joined, pursuant to Rule 8(b). United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). Based on the information provided at the hearing and in the filings submitted as set forth above, this court finds there is probable cause to believe that defendant Johnson was a coconspirator and could have been charged in the conspiracy charge of the indictment, and was properly joined in the indictment, pursuant to Rule 8(b).

7

*Rule 14, Federal Rules of Criminal Procedure*

As a coconspirator, there is a presumption that Johnson should be tried with the other coconspirators named in the indictment. United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990) (persons involved in a conspiracy are generally tried together); United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required). When defendants are indicted together, pursuant to Rule 8(b), there is a preference for joint trials. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006). Joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. Zafiro, 506 U.S. at 537. However, Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government. Id. at 538. Rule 14 provides in relevant part that:

> [I]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials of counts, sever the defendants' trials, or provide other relief that justice requires.

Nonetheless, severance, as permitted by Rule 14, is only required when there exists a real risk of prejudice. United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992). The mere fact that a defendant would have a better chance of acquittal if he were tried separately, or that there might be a disparity in the weight of the evidence as between defendants, does not provide a proper basis for severance. Id. Severance is proper only if a defendant can demonstrate that his defense is irreconcilable with that of his codefendants or that the jury would be unable to compartmentalize the evidence as it relates to the separate defendants. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). Thus, Johnson is not entitled to severance unless he can show a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro, 506 U.S. at 539.

The charges in the instant indictment, put simply, are that Rodebaugh obtained drugs from his sources in Kansas City and sold them to numerous individuals in the mid-Missouri area, including Johnson. The drug charges against Johnson are quite specific and, despite the length of the indictment and Johnson's assertion to the contrary, are not overly complex, even in the scheme of the conspiracy. Johnson has failed to make a specific showing that a jury could not

8

reasonably be expected to compartmentalize the evidence, or point to a specific trial right he will be denied if severance is not granted.  The Eighth Circuit has held that even in cases involving a substantial amount of evidence regarding multiple defendants and counts, such cases do not necessarily provide that the charges are so complicated that a jury cannot differentiate the evidence as to each defendant and compartmentalize it.  See United States v. Bradford, 246 F.3d 1107, 1117 (8th Cir. 2001) (reversed on separate grounds - denial of severance affirmed).

Further, to the extent that there could be a risk of prejudice, severance need not be granted unless less drastic measures, such as limiting instructions, would not suffice to cure any risk of prejudice to Johnson.  Zafiro, 506 U.S. at 539.  The risk of prejudice posed by joint trial is best cured by careful and thorough jury instructions.  Id. at 537; United States v. Delpit, 94 F.3d 1134, 1143-44 (8th Cir. 1996).  Johnson has failed to show that jurors would not be able to follow the court's instructions and compartmentalize evidence as it relates to him and the individual defendants involved in the drug conspiracy charges set forth in the indictment.

Based on the foregoing, this court finds defendant Johnson is not entitled to severance under Fed. R. Crim. P. 14.

IT IS, THEREFORE, RECOMMENDED that defendant Johnson's motions for severance, for bill of particulars, and to suppress evidence and for return of seized property be denied.  [418, 416, 415]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days.  If additional time is needed, a motion for an extension of time must be filed within ten days.  The motion should state the reasons for the request.  See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 31st day of July, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

9

Case 2:06-cr-04002-BCW     Document 501     Filed 07/31/07     Page 9 of 9