IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-4002-17-CR-C-NKL |
| | ) | |
| BRUCE ALLEN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ORDER

On July 31, 2007, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Bruce Allen Johnson's ("Johnson") motions to suppress and return seized property [Doc. # 415], for severance [Doc. # 418], and for bill of particulars [Doc. # 416].

I. **Motion to Suppress and Return Seized Property**

Johnson seeks suppression and return of a handwritten letter, an address book, two spiral notebooks, pictures, his Social Security card, his Missouri Driver's License, his Carpenter's Apprentice Working Card, his United Brotherhood of Carpenters and Joiners membership card, and a sheet of paper with numbers, letters and names. He argues that the warrant to search his premises lacked particularity and that the items seized did not fall within the scope of the warrant.

1

A warrant must be sufficiently definite so as to enable the executing officer to ascertain and identify the place to be searched and the objects to be seized. *Steele v. United States*, 267 U.S. 498, 503-04 (1925); *United States v. Davis*, 557 F.2d 1239, 1248 (8th Cir. 1977). "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir. 1976); *see also United States v. Peters*, 791 F.2d 1270, 1278 n. 3 (7th Cir. 1986); *United States v. DeLuna*, 763 F.2d 897, 908 (8th Cir. 1985). In this case, the warrant authorized the seizure of evidence related to drug trafficking, including "[a]ny and all address and/or telephone books and records, reflecting names, addresses, and/or telephone numbers, including but not limited to, paper and computer formats." The Court finds the warrant was sufficiently particular to satisfy the Fourth Amendment.

As for whether the items seized fall within the scope of the warrant, the Eighth Circuit has held that search warrant provisions authorizing records related to drug trafficking are broadly construed. *See United States v. Peters*, 92 F.3d 767, 768-70 (8th Cir. 1996) (search warrant covering "records" of drug distribution activities covered cassette tapes). The Court concludes that the items enumerated by Johnson fall within the scope of the warrant provisions. However, the Court also agrees with Judge Knox that, given the United States' statement that it does not intend to used the seized photograph of Johnson holding a firearm, it should be returned to Johnson.

**II.     Severance**

2

Joinder is proper under Rule 8(b) where co-defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Indeed, there is a preference for joint trials under the Federal Rules. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Ruiz*, 446 F.3d 762, 772 (8th Cir. 2006). A court may grant a defendant's motion to sever where "joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14. However, a "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. In the instant case, the fact that defendant is not charged in all counts of the indictment, including the conspiracy count, does not preclude him from being joined, pursuant to Rule 8(b). *United States v. Jones*, 880 F.2d 55, 62-63 (8th Cir. 1989). The government has provided evidence establishing probable cause such that he could have been charged with conspiracy had the government wanted to pursue those charges against him. That the government chose to try him for other offenses as an unindicted conspirator is not sufficient grounds for severance.

### III.   Bill of Particulars

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a

3

conviction or acquittal as a bar to a subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993) (citing *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir.1980)). The district court has broad discretion to grant or deny a bill of particulars, *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). As the Court concludes that Johnson's indictment is sufficient on its face, no bill of particulars is necessary in this case.

**IV. Conclusion**

Accordingly, it is

ORDERED that Judge Knox's Report and Recommendation of July 31, 2007, [Doc. # 501] is ADOPTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 8, 2007
Jefferson City, Missouri