IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 06-4002-17-CR-C-NKL |
| BRUCE ALLEN JOHNSON, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Bruce Johnson's Motion for Release of Defendant . . . Pending Appeal [Doc. # 892]. For the following reasons, the Court grants the motion.

**I.     Procedural History**

Defendant Bruce Johnson ("Johnson") was charged with three counts of using a telephone to facilitate a controlled substance offense in violation of 21 U.S.C. § 843(b). At trial, he was found guilty on one of those counts. He was sentenced to forty-eight months of imprisonment. At sentencing, the Court overruled Johnson's objection to the presentence report's finding that he was a career offender. [Doc. # 782.]

On appeal, Johnson argued that the Government failed to sustain its burden of proof at trial. The United States Court of Appeals explained the burden as follows:

> To sustain its burden of proof, the government had to prove beyond a reasonable doubt that Johnson (1) knowingly or intentionally (2) used a telephone (3) to facilitate the commission of a drug offense. *See United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir. 1987). The government also had to show by a preponderance of the evidence that the underlying offense of knowingly or intentionally distributing and possessing with intent to distribute marijuana occurred. *Id.*

[Doc. # 861 at 8.] The Eighth Circuit determined that a reasonable jury could have concluded that Johnson's phone call facilitated another Defendant's knowing distribution and possession with intent to distribute marijuana. *Id.* (citing "*United States v. Ward*, 696 F.2d 1315, 1319 (11th Cir. 1983) ("A prima facie case [of a § 843(b) violation] need not include proof that the defendant [himself] committed the underlying offense."); *United States v. Rey*, 641 F.2d 222, 224 n.6, 227 n.10 (5th Cir. 1981) (burden of proof satisfied when defendant intentionally used telephone to facilitate another's commission of offense)").

Subsequently, the Supreme Court of the United States decided *Abuelhawa v. United States*, 129 S. Ct. 2102 (2009). *Abuelhawa* held that use of a telephone to make a misdemeanor drug purchase was not the use of a communication facility in "facilitating" another's commission of felony drug distribution in violation of § 843(b).

On January 19, 2010, the Supreme Court granted Johnson's petition for certiorari and vacated judgment, remanding the matter to the Eighth Circuit for consideration in light of *Abuelhawa*. [Doc. # 885.] Responding to an inquiry from the Eighth Circuit, the Government indicated that it will continue to defend Johnson's conviction and appeal.

## II.  Discussion

Johnson subsequently filed his motion for bond pending appeal, citing 18 U.S.C. § 3143(b). He states the following: that his imprisonment causes family hardship because of his wife's serious illness; that he is not a flight risk – particularly considering the illness; that he poses no danger to the safety of any other person or the community; that his appeal raises substantial questions of law and fact which would likely result in reversal or an order of a new trial; and that there is clear and

2

convincing evidence that he should be released pending appeal. The parties briefed the motion and presented oral argument.

> Section 3143(b), "Release of Detention Pending Appeal by the Defendant," states:
>
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c) of this title; and
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b). Under the plain language of the statute, Johnson must establish five factors: (1) by clear and convincing evidence, he is not a flight risk; (2) by clear and convincing evidence, he is not a danger to others; (3) the appeal is not for purposes of delay; and (4) the appeal raises a substantial question of law; and (5) the appeal is likely to result in reversal or an order of a new trial.

The Government concedes that Johnson is able to meet his burden as to the first three factors.

In *United States v. Powell*, the Eighth Circuit clarified what a showing of the last two factors involves. As to substantiality, the defendant must show that the question at issue on appeal is "substantial" in the sense that it is a close question or one that would go either way. 761 F.2d 1227, 1233-34 (8th Cir. 1985). To make this showing, a defendant must show more than that reasonable judges could differ, but need not show that it is likely that the defendant will prevail on the issue on

3

appeal. *Id.* As to likelihood, the defendant must show that reversal or a new trial is likely in that "the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* at 1234. In considering likelihood, the Court "must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction." *Id.*

Here, the issue on appeal is whether *Abuelhawa* impacts Johnson's conviction. The Supreme Court has already ordered the judgment vacated and Johnson's case remanded so that the Eighth Circuit could consider this issue. The Supreme Court has indicated that such orders, while not final on the merits, indicate "a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration." *Lawrence v. Chater*, 516 U.S. 163, 167 (1996). As to substantiality, this description clarifies that orders like that issued by the Supreme Court in this case reflect more than just the potential for a difference of opinion among reasonable judges. As the Supreme Court order suggests and the Government acknowledges, *Abuelhawa* undermines the basis of the Eighth Circuit's decision in this case. The Court finds that Johnson's post-remand appeal involves a substantial question.

The Court next looks to whether resolution of the appeal issues in Johnson's favor is likely to result in a new trial or reversal. It is certain that the Supreme Court has already vacated the Eighth Circuit's decision, indicating under *Lawrence* a "reasonable probability" that the basis of that decision is invalid. It is certain, as the Government concedes, that *Abuelhawa* applies to this case and is not consistent with the reasoning articulated in the Eighth Circuit's decision. The Government argues summarily that *Abuelhawa* does not dictate reversal or new trial in this case

4

because there are other possible bases upon which the Eighth Circuit might affirm the conviction; this argument is insufficient to undermine the certainty that the Eighth Circuit's current decision will not stand. The sufficiency of the evidence and burden of proof issues raised by *Abuelhawa* go directly to the merits of conviction here. While it is not certain, it is more likely than not that a new trial will be granted.

**III.    Conclusion**

Accordingly, Johnson's motion for release pending appeal [Doc. # 892] is GRANTED. Release is to be on the same conditions imposed prior to his conviction.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 28, 2010
Jefferson City, Missouri